NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MEI-MIAO KUO,

Plaintiff - Appellant,

v.

NGY GROUP, INC.; SEAN SU; JASON
YANG; QUINGJUN XIA,

Defendants - Appellees.

No. 25-121

D.C. No.
2:23-cv-03806-SVW-MRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 29, 2026[**]

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

Mei-Miao Kuo appeals pro se the from the district court's judgment

dismissing her employment action alleging a hostile work environment,

discrimination, and retaliation.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Kuo's request for oral
argument, contained in her reply brief, is denied.

review de novo. *Trader Joe's Co. v. Trader Joe's United*, 150 F.4th 1040, 1048 (9th Cir. 2025) (dismissal under Federal Rule of Civil Procedure 12(b)(6)); *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 584 (9th Cir. 2000) (dismissal as time-barred). We affirm.

The district court properly dismissed Kuo's action as time-barred because Kuo failed to file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful employment practice, or allege facts sufficient to show that that she was entitled to equitable tolling or equitable estoppel. *See* 42 U.S.C. § 2000e-5(e)(1) (Title VII of the Civil Rights Act); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (explaining that "[i]n a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice" and a "claim is time barred if it is not filed within" that period); *see also* 29 U.S.C. § 626(d)(1) (Age Discrimination in Employment Act ("ADEA")); *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007) (explaining that for ADEA claims, an "employee who believes he has been discriminated against on the basis of age must file a complaint with the EEOC within . . . 300 days in a deferral state"); *Doe v. Garland*, 17 F.4th 941, 946 (9th Cir. 2021) ("[E]quitable tolling applies only if a litigant (1) has been diligently pursuing his rights, and (2) failed to

2                                                          25-121

timely file because some extraordinary circumstance stood in his way." (citation and internal quotation marks omitted)); *Johnson v. Henderson*, 314 F.3d 409, 414, 415 n.4 (9th Cir. 2002) (setting forth factors relevant to whether equitable estoppel should apply and holding that "constructive notice is sufficient to bar a claim of equitable tolling—actual notice is not required").

The district court did not abuse its discretion by denying Kuo further leave to amend. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (setting forth the standard of review and explaining that leave to amend may be denied if amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in denying subsequent motions is particularly broad." (citation and internal quotation marks omitted)).

We do not consider issues that are not specifically and distinctly argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Roley v. Google LLC*, 40 F.4th 903, 911 (9th Cir. 2022).

All pending motions and requests are denied.

**AFFIRMED.**